UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALAN RUBENSTEIN, AS TRUSTEE OF THE PAULA SCHNEIDER 2008 IRREVOCABLE LIFE INSURANCE TRUST,<br><br>Plaintiff,<br><br>v.<br><br>RELIASTAR LIFE INSURANCE COMPANY and SECURITY LIFE OF DENVER INSURANCE COMPANY,<br><br>Defendants. | PROPOSED RULE 26(f) SCHEDULING ORDER<br><br>No. 2:23-cv-6184 (GRB)(JMW) |

**I.     DISCOVERY PLAN**

Pursuant to Rule 26(f)(3), the parties have conferred and jointly propose the following Discovery Plan:

**A.** The Parties **do not** anticipate the need for any changes to the timing, form, or requirement for disclosures under Fed. R. Civ. P. 26(a).

**B.** The Parties anticipate that discovery may be needed on at least the following subjects:
- Plaintiff's insurance policy with ReliaStar.
- Correspondence sent by Defendant ReliaStar to Plaintiff.
- Defendant ReliaStar's practices for generating correspondence.
- Plaintiff's address(es) for receipt of mail correspondence.
- The payment of premiums for the policy and timing of same.
- How premiums were calculated; what changes (if any) to correspondence about policies were adopted during the COVID crisis.

**C. Discovery Limitations.** The Parties have conferred and **do not** believe that any changes should be made to the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Local Civil and Local Rules of the Southern and Eastern Districts of New York.

**D.** For cases where basis of subject matter jurisdiction is diversity:
  a. Is any party an LLC or partnership?  NO.
  b. Citizenship of Plaintiff:  New York or New Jersey.
  c. Citizenship of Defendant ReliaStar: Minnesota, and citizenship of Defendant: Colorado.

    E. **ESI Discovery**

Have counsel discussed the existence of electronically stored information and discussed the location and production of such information, as required by Rule 26? YES **X** NO____

Have the parties entered into an ESI protocol stipulation? YES____ NO **X**

Alternatively, if no ESI protocol is necessary because of the limited amount of ESI in the case, please check here: **X**

*If needed, the parties are referred to the court's website for an ESI protocol template.*
*https://www.nyed.uscourts.gov/content/magistrate-judge-james-m-wicks*

    F. F **Confidentiality**

Do the parties anticipate the need for a confidentiality stipulation and order? YES **X** NO

*If needed, the parties are referred to the court's website for a Confidentiality Stipulation and Order template. https://www.nyed.uscourts.gov/content/magistrate-judge-james-m-wicks.*

**MAGISTRATE CONSENT**

Pursuant to 28 U.S.C § 636(c), the parties have the right consent to have all proceedings, including trial, before a Magistrate Judge at any time. *If the parties so consent, then the parties must file a Consent to Magistrate Judge form available on the Court's website, https://img.nyed.uscourts.gov/files/forms/ClerksNoticeofRule73.pdf*).

    II. The parties' agreed-upon proposal for when discovery should be completed is set forth in Section II below.

**October 2, 2023:**    Exchange of Rule 26(a)(1) disclosures

**October 30, 2023:**    Service of first interrogatories and document demands

**November 29, 2023:**    Responses to first interrogatories and document demands

**December 15, 2023:**    Motions to join new parties or amend the pleadings

**January 12, 2024:**    Meet and confer regarding 30(b)(6) depositions [CORPORATE DEPS]

**_____:**    Status conference to be held via Zoom. The Court will email a Zoom invitation closer to the conference date. [DATE TO BE FILLED IN BY COURT]

**February 16, 2024:**    Completion of all fact depositions

**March 1, 2024:**    Identification of case-in-chief experts and service of Rule 26 disclosures

**March 29, 2024:**    Identification of rebuttal experts and service of Rule 26 disclosures

**April 19, 2024:**    Close of all discovery, including expert discovery

**_____:**    Final date by which parties shall take the first step of summary judgment motion practice.  Depending on the assigned district judge, the first action commencing the practice would be either requesting a pre-motion conference or initiating the exchange of Local Civil Rule 56.1 statements.  Parties are required to consult the individual rules of the district judge regarding motion practice. [DATE TO BE FILLED IN BY COURT]

**_____:**    Pretrial conference.  These conferences shall be held via Zoom unless the case is assigned to the undersigned for all purposes including trial.  If the assigned district judge requires one, a joint proposed pretrial order in compliance with that judge's requirements and signed by counsel for each party must be received by the undersigned 5 business days prior to this conference.  If a motion for summary judgment, or for a pre-motion conference as to the same, is filed then the Pretrial Conference is adjourned *sine die* and the requirement, if any, to file a joint proposed pretrial order is held in abeyance until further order of the court. [DATE TO BE FILLED IN BY COURT]

This scheduling order will be modified by the Court only upon a timely showing of good cause.  Any request for modification of this scheduling order must be in writing and filed in accordance with the undersigned's Individual Rules.  The parties are reminded that any requests to alter or extend a scheduling order *after* the deadlines have passed will need to establish good cause and in addition, excusable neglect, in accordance with Fed. R. Civ. P. 6(b)(1)(B).

Motions to resolve discovery disputes must be made by letter in accordance with Local Civil Rules 37.1 & 37.3 and in compliance with additional requirements set forth in the undersigned's Individual Rules, except deposition rulings which the Court encourages be sought during the deposition. Motions that do not comply with all requirements will be rejected.

**COUNSEL**:

| For Plaintiff(s) | For Defendant(s) |
|---|---|
| /s/ Baruch Gottseman | /s/ Stefanos Touzos |
| Gottseman Legal PLLC | McDowell Hetherington LLP |
| 11Broadway, Suite 615 | 1001 Fannin, Suite 2700 |
| New York, NY 10004 | Houston, TX 77002 |
| 212-401-6910 | 713-221-3790 |
| bg@gottesmanlegal.com | stefanos.touzos@mhllp.com |